# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv140

| | |
|---|---|
| PERFORMANCE SALES & MARKETING, LLC, a North Carolina Limited Liability Company; PSM GROUP, INC., a North Carolina Corporation; an GREG SEREY, an individual, <br><br>　　　　　Plaintiffs, <br><br>Vs. <br><br>LOWE'S COMPANIES, INC., <br><br>　　　　　Defendant. | ORDER |

**THIS MATTER** is before the court on the plaintiffs' Motion for Early Court Sanctioned Discovery of Third Parties Under Local Rule 16.1 (W.D.N.C.) and for Status Conference (#41). Plaintiffs have provided the court with the following reasons for such relief:

(1) there has been a dispositive motion pending before the court for more than a year;

(2) Plaintiff Serey is gravely ill;

(3) plaintiffs fear that evidence may not be retained by unnamed third parties; and

(4) the status conference is sought to discuss other timing and discovery issues in light of the pending partially dispositive motions.

Plaintiffs' Motion, at ¶¶ 1-14. Defendant timely filed a response to such motion objecting to the relief sought on the following grounds:

(1) plaintiffs have failed to show "good cause" under Local Civil Rule 16.1;

(2) plaintiffs have failed to identify the third-parties whom they fear will not preserve evidence;

(3) the pending motion to dismiss seeks dismissal of 23 of plaintiffs' 30 causes of action and, if granted, there would be very little if any discovery required from third parties; and

(4) that a status conference would be premature until the motion to dismiss is resolved and issues join.

Defendant's Response, at ¶¶ 1-5. Plaintiffs' reply was due to be filed not later than November 30, 2009; however, neither a Reply nor a notice that no reply would be filed were submitted to the court. See L.Cv.R. 7.1(E).

Having not been rebutted, defendant's arguments against permitting early discovery under Local Civil Rule 16.1 are highly persuasive. First, plaintiffs have not identified any third parties who they believe are engaged in destruction or deletion of relevant evidence. Speculation is not sufficient to show good cause under Rule 16.1.

Second, while the pending motion to dismiss is not before the undersigned, the court notes that the Complaint is a massive document of 73 pages and contains 30 causes of action. Including exhibits, the plaintiffs' initial pleading is 183 pages in length and takes up 9.1 megabytes on the court's server. The motion to dismiss, response, and reply thereto are correspondingly complex. As the parties are aware, the court does not have unlimited resources and massive filings require commitment of massive blocks of court time, especially where there are hundreds of other cases pending before each judicial officer. The undersigned notes that ECF, while a great technological improvement, has enabled counsel to file unlimited numbers of exhibits and other unregulated pleadings with little consequential cost. As a result, the court has been flooded with paper, all of which must be considered prior to decision. Thus, the time it necessarily takes the court to consider the merits of a plaintiffs' 73 page Complaint and the corresponding Motion to Dismiss is not good cause for allowing early discovery. Third, while this court is not unsympathetic to Plaintiff Serey's deteriorating health, the court has done all it can do by previously allowing the deposition of Mr. Serey to be taken by any means allowable under the Federal Rules of Civil Procedure. The court understands that attempt was unsuccessful due to health; however, the court cannot see how allowing early discovery will change such circumstance. The parties are reminded that a deposition may also be taken upon

written questions, which would allow Mr. Serey the ability to answer any questions in writing and at his own pace.

In summary as to the requested early discovery, the court cannot find that good cause has been shown for allowing early discovery. Indeed, the pleadings would counsel against allowing early discovery inasmuch as it appears possible that the joined issues may little resemble the claims of the Complaint.

Finally, the court has considered the motion for status conference, which appears to be an admixture of a request for discussions as scheduling early discovery and the status of the pending dispositive motion. This motion will be denied and all parties instructed that if they want to be heard on the Motion to Dismiss, they should file a separate motion for hearing which would be resolved by the district court.

\* \* \*

With those concerns addressed, the parties are advised that if they wish to explore early mediation of this action, such a motion would be considered

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Early Court Sanctioned Discovery of Third Parties Under Local Rule 16.1 (W.D.N.C.) and for Status Conference (#41) is **DENIED**.

Signed: December 3, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge