UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv140

| | |
|---|---|
| PERFORMANCE SALES & MARKETING, LLC, PSM GROUP, INC., and GREG SEREY,<br>         Plaintiffs,<br>v.<br>LOWE'S COMPANIES, INC.,<br>         Defendant. | **ORDER** |

**THIS MATTER** is before the court on Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support (Documents ## 21-22), filed July 29, 2008; Defendant's Memorandum and Declarations in Opposition (Documents ## 27-30), filed September 19, 2008; and Plaintiffs' Reply (Document # 35), filed October 9, 2008. This matter is ripe for disposition.

**BACKGROUND**

A more general statement of the facts surrounding the parties' relationship is available in the Court's earlier Order (Document # 45) concerning Lowe's motion to dismiss. The following summary is focused more narrowly on the single claim at issue in the instant motion for summary judgment.

Plaintiff Greg Serey ("Serey") was the owner and CEO of Plaintiff PSM Group, Inc. ("PSM"). At the relevant time, PSM was employed by Lowe's as an "in-store service provider" responsible for designing, assembling, and maintaining product displays in Lowe's retail stores. In addition, PSM was tasked with stocking inventory and processing product returns. PSM performed these functions pursuant to several contracts dubbed In-Store Service Agreements ("ISSAs"), each of which had a one year term. The final ISSA ("2006 ISSA") was in effect from January 31, 2006

1

until its early termination by Lowe's on September 17, 2006, and its terms are at the crux of the present dispute.

The payment clause of the 2006 ISSA states that PSM "shall invoice Lowe's monthly in arrears and payment terms are net thirty (30) for undisputed amounts." (2006 ISSA ¶ 3.2(a).) However, this article also provides that "Lowe's shall be entitled to dispute in good faith any invoiced amount by giving notice to [PSM] and withholding any such disputed amount pending final resolution of the dispute." (2006 ISSA ¶ 3.2(f).) In the event there is a dispute over payment, the ISSA gives Lowe's the right to audit PSM's accounting records. (2006 ISSA ¶¶ 3.3-3.8.)

On September 19, 2006, two days after the cessation of the parties' business relationship, PSM submitted its final set of invoices to Lowe's in the amount of $637,573.84. Thus, according to the net thirty payment provision of the 2006 ISSA, payment of these amounts was due by October 19, 2006 at the latest. Nevertheless, both parties agree that Lowe's failed to make any payment within this period of time. PSM further contends that Lowe's failed to dispute any of the amounts invoiced until sending a letter to Serey in December 2006, (Serey Aff. ¶ 35), which informed Serey that in Lowe's opinion the amounts invoiced "seemed excessive and inconsistent with the historic pattern of work performed by PSM for Lowe's." (Compl. Exh. 12. at 2.) Despite this assertion, the December 2006 letter was accompanied by a check for the full amount claimed by PSM, but with the proviso that cashing the check would indicate "accord and satisfaction" for all legal claims that PSM might have against Lowe's. Wishing to preserve PSM's available legal remedies, Serey did not deposit the check from Lowe's. PSM now argues that summary judgment is appropriate because Lowe's did not pay or dispute the amounts invoiced on September 19, 2006 within thirty days of receipt. Because of this asserted failure on Lowe's part, PSM argues that Lowe's has lost the right to contest the amounts invoiced and is obligated under the terms of the 2006 ISSA to pay the

$637,573.84 claimed by PSM.

In its motion in opposition to summary judgment, Lowe's argues that the 2006 ISSA did not require Lowe's to dispute the amounts invoiced by PSM within any set period of time. Although Lowe's concedes that payment of undisputed invoices was required within thirty days of receipt, Lowe's claims that the 2006 ISSA placed no corresponding limit on the time within which Lowe's was required to provide notice to PSM of any disputed amounts.[*]

Lowe's perhaps more plausibly argues that summary judgment should not be granted to PSM because material issues of fact remain as to whether Lowe's notified PSM that it would be disputing the final invoices within the net thirty day period. As evidence that Lowe's did indeed notify PSM within this time period, Lowe's points to the December 2006 letter, which refers to a meeting between Lowe's and PSM employees that occurred in October 2006. According to the letter, Lowe's informed PSM's representatives at this meeting that the amounts of the final invoices were being disputed for the reasons indicated in the letter and described above. (Compl. Exh. 12 at 2.) Lowe's has also submitted declarations from two of its employees averring that they met with representatives of PSM in September and October of 2006 to discuss their concerns regarding PSM's overbilling of hours and overstaffing of Lowe's stores during the period covered by the final PSM invoices. (Decl. Junker ¶¶ 10-11, 14-15; Decl. Ledford ¶¶ 4-8).

## STANDARD OF REVIEW

Summary judgment is proper where "the facts and the law will reasonably support only one

---

[*] Taken to its logical conclusion, Lowe's argues that there is no outer limit to the time that could have elapsed between Lowe's receipt of the invoices from PSM and Lowe's decision to notify PSM that certain amounts were disputed. Presumably, under Lowe's interpretation of the ISSA, PSM should have assumed that some amounts were disputed once payment was not received within thirty days.

conclusion." Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000) (quotation omitted). In determining whether this is the case, a court should examine "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" to decide if "there is no genuine issue of material fact" such that "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In considering a motion for summary judgment, the court is required to view the facts and inferences in the light most favorable to the party opposing the motion. Anderson, 477 U.S. at 255; Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

## ANALYSIS

The Court finds that genuine issues of material fact exist that preclude a grant of summary judgment at this time. Assuming without deciding that the 2006 ISSA required Lowe's to notify PSM if it would be disputing invoiced amounts within thirty days of receipt, Lowe's has presented evidence tending to show that Lowe's did in fact dispute the amounts owed within this thirty day period. Lowe's contention is supported both by declarations from two of its employees and by the December 2006 letter attached to Plaintiffs' complaint.

Although PSM argues that Lowe's was required to provide greater specificity when disputing invoices, in regards to both the particular amounts disputed and the reasons for the dispute, the Court disagrees. Nothing in the language of the ISSA requires such specificity. Even if it did, Lowe's informed PSM of its general dissatisfaction with PSM's billing and staffing practices related to the final invoices. Under the circumstances, this type of blanket objection put PSM on notice that all of the amounts invoiced during this period of time were subject to dispute. Furthermore, requiring

4

Lowe's to dispute specific items of the invoice within thirty days of receipt and before an audit of the hours worked could be completed would be unreasonable, and the contract imposes no such obligation. Taking the facts in the light most favorable to Lowe's, Lowe's objected to the amounts invoiced by PSM within thirty days of receipt, and under the 2006 ISSA that was all that was required to avoid payment within this time period.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, PSM's Motion for Partial Summary Judgment is **DENIED**.

Signed: June 4, 2010

Richard L. Voorhees
United States District Judge