IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv140

| | |
|---|---|
| PERFORMANCE SALES & MARKETING, LLC, a North Carolina Limited Liability Company; PSM GROUP, INC., a North Carolina Corporation; an GREG SEREY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S COMPANIES, INC., <br><br> Defendant. | ORDER |

Pending before the Court are Plaintiffs' Motion to Compel Discovery [# 105] and Defendant's Motion to Compel and to Extend Discovery Deadlines [# 115]. On July 7, 2011, the Court held a hearing on the pending discovery motions. Upon a review of the record, and after consideration of the argument of counsel at the hearing, the Court **GRANTS** Plaintiffs' Motion to Compel Discovery [# 105]. Because the parties represented to the Court that they had reached an agreement as to Defendant's motion, the Court **DENIES without prejudice** Defendant's Motion to Compel [# 115].

**I.   Analysis**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010).

At issue in Plaintiffs' Motion to Compel are Defendant's responses to Plaintiffs' First Set of Requests to Produce numbers 1-4, 7-9, and 13. Request No. 13 seeks the production of the source code from Defendant's grill parts ordering system. Defendant contends that this information is not relevant because Plaintiffs admitted that they do not own the source code for the GPO system. The Court, however, has granted Plaintiffs' motion to withdraw its prior admissions. Accordingly, the Court

finds that Request No. 13 seeks relevant information and **GRANTS** the motion as to Request No. 13.

The remaining requests all relate to Plaintiffs' fraud claims. Although the claims are the subject of a pending motion to dismiss, they are still pending before the Court, and Defendants may not decline to produce responsive documents based on the fact that the District Court may grant its motion and dismiss these claims. Moreover, to the extent that no responsive documents exists, Defendant should indicate in writing to Plaintiffs that it has conducted a reasonable search and uncovered no responsive documents. Finally, Defendant may not exclude documents pre-dating 2004 from its production of responsive documents. The fact that these documents may predate the relationship between Plaintiffs and Defendant does not exclude the possibility that such documents are relevant to Plaintiffs' claims. And the burden on Defendant of producing these documents is not so great as to preclude their production. Accordingly, the Court **GRANTS** Plaintiffs' motion as to Requests 1-4 & 7-9.

## II. Conclusion

The Court **GRANTS** Plaintiffs' Motion to Compel Discovery [# 105] and **DENIES without prejudice** Defendant's Motion to Compel [# 115]. Plaintiffs shall have forty-five days from the entry of this Order to supplement its discovery

responses pursuant to the agreement between the parties. Defendant shall have forty-five days to produce the documents responsive to Plaintiffs' First Set of Requests to Produce Nos. 1-4, 7-9, & 13. The parties shall bear their own costs in bringing these motions. The Court shall address the pending deadlines for summary judgment motions, trial, and expert witnesses in a separate scheduling order.

Signed: July 12, 2011

Dennis L. Howell
United States Magistrate Judge