IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv140

| | |
|---|---|
| PERFORMANCE SALES & )<br>MARKETING, LLC, a North Carolina )<br>Limited Liability Company; PSM )<br>GROUP, INC., a North Carolina )<br>Corporation; an GREG SEREY, an )<br>individual, )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>LOWE'S COMPANIES, INC., )<br> )<br>    Defendant. )<br>_____ ) | **ORDER** |

Pending before the Court is Defendant's Motion for Partial Reconsideration [# 141]. Defendant moves the Court to reconsider its prior Order granting Plaintiff's Motion to Compel and limit the scope of the production ordered. Subsequently, the parties came to an agreement as to the scope of production and request the Court to enter a Consent Order [# 143] resolving the Motion for Partial Reconsideration. Upon a review of the parties' motions and the record in the this case, the Court **GRANTS** the Motion for Entry of Consent Order [# 143]. Pursuant to the agreement of the parties, the Court **GRANTS** the Motion for Partial Reconsideration [# 141]**.** The Court **DIRECTS** Defendant to undertake the following steps to produce

-1-

documents in response to Plaintiffs' Request for Production of Documents No. 8:

(1) Defendant will search the emails of employees within the divisions that are most likely to have communication with the manufacturers and vendors. These are:

   a. Defendant's personnel at the merchandising manager level for the product categories serviced by PSM;

   b. The VSM group; and

   c. Accounting personnel who handled trade payables and vendor payables.

(2) The time period of the search shall be January 1, 2001 through December 31, 2006;

(3) The search terms will consist of the names of vendors of products that PSM serviced;

(4) Defendant will apply an electronic privilege filter to exclude communications with counsel in lieu of a manual privilege review;

(5) Defendant shall maintain a claim of privilege pursuant to Rule 502(d) of the Federal Rules of Civil Procedure. Defendant's production of these documents in connection with Plaintiffs' discovery request shall not waive any claim of privilege or work product that Defendant may assert

as to these materials. For any documents withheld under a claim of privilege made independent of the electronic privilege filter, Defendant will produce a privilege log. Further, Defendant may claw back any privileged documents that are inadvertently produced.

(6) All documents produced shall be subject to the terms of the Protective Order, entered on November 3, 2010.

Signed: August 3, 2011

Dennis L. Howell
United States Magistrate Judge