IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv140

PERFORMANCE SALES & )
MARKETING, LLC, a North Carolina )
Limited Liability Company; PSM )
GROUP, INC., a North Carolina )
Corporation; an GREG SEREY, an )
individual, )
 )
    Plaintiffs, )
 )
v. ) **ORDER**
 )
LOWE'S COMPANIES, INC., )
 )
    Defendant. )
_____ )

Pending before the Court is Plaintiffs' Motion to Compel [# 149]. Plaintiffs move to compel the depositions of three executives at Lowe's Companies, Inc. ("Lowe's").[1] Upon a review of the record, and after consideration of the parties' briefs and all of the supporting materials submitted to the Court, the Court **GRANTS** the Plaintiffs' motion [# 149].

    **I.**    **Analysis**

---

[1] Initially, Plaintiffs sought to compel the depositions of four individuals. In its Reply in Support of Plaintiffs' Motion to Compel ("Pls.' Reply"), Plaintiffs withdrew their motion to compel the testimony of Perry Jennings. (Pls.' Reply at p. 2 n.1.)

-1-

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Subject to Rule 30(a)(2)'s specific limitations, a party may depose any person without leave of court and may compel the deponent's attendance at the deposition by subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1). The deponent may then move to quash the subpoena. Fed. R. Civ. P. 45(c)(3). In addition, Rule 26(b)(2) permits the Court to limit the extent of discovery in certain circumstances, and Rule 26(c)(1) allows the Court to enter a protective order limiting discovery. Fed. R. Civ. P. 26(b)(c) & (c)(1).

A deponent may not ordinarily "escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice & Procedure § 2037 (3d. 2010). Some courts, however, have granted protective orders and limited or prohibited the deposition of high level corporate officers who are unlikely to possess any "personal familiarity with the facts of the case." Id. This rule is intended to protect busy, high level executives who lack any personal or

unique knowledge of the claims at issue from the burden, inconvenience, and potentially harassing nature of a deposition where the information sought may be more easily obtained from a lower level corporate employee. See Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 125-26 (D. Md. 2009); Folwell v. Hernandez, 210 F.R.D. 169, 173-74 (M.D.N.C. 2002); Reif v. CNA, 248 F.R.D. 448, 451-54 (E.D. Pa. 2008) (collecting cases).

> [T]he . . . rule is bottomed on the . . . executive lacking *any* knowledge of the relevant facts. The rule is aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head- the top official, not because of any special knowledge of, or involvement in, the matter in dispute.

Minter, 258 F.R.D. at 126 (emphasis in original).

Cognizant of the potential for abuse and harassment from allowing the deposition of the CEO or other high level corporate executives at large public companies such as Lowe's, the Court finds that allowing the limited deposition of the three Lowe's executives is warranted in this case. As a threshold matter, Plaintiffs are not seeking to depose these executives simply because of their positions, and the depositions are not intended to harass, embarrass, or burden the deponents. Instead, Plaintiffs seek to depose these executives as to their personal knowledge regarding Lowe's plan to consolidate and eliminate the vender service groups, as well as their personal involvement, if any, in this decision. The Court

finds that Plaintiffs have demonstrated that each of these individuals may possess personal knowledge of facts relevant to this dispute. Accordingly, a limited deposition of the three executives is warranted. The Court **GRANTS** the Motion to Compel [# 149]. The Court, however, limits the scope of the depositions of Robert Niblock, Greg Bridgeford, and Robert Hull to their personal knowledge of the consolidation and elimination of the vender service groups.

## II. Conclusion

The Court **GRANTS** the Motion to Compel [# 149]. The Court limits the scope of the depositions of Robert Niblock, Greg Bridgeford, and Robert Hull to each individual's personal knowledge of the consolidation and eventual elimination of the vender service groups.

Signed: November 9, 2011

Dennis L. Howell
United States Magistrate Judge